UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TONI LANE, | ) | |
| _Plaintiff_, | ) | |
| | ) | |
| _vs._ | ) | 1:12-cv-01158-JMS-DKL |
| | ) | |
| LIFE INSURANCE COMPANY OF NORTH AMER- | ) | |
| ICA, | ) | |
| _Defendant._ | ) | |

## <u>ORDER TO FILE JOINT JURISDICTIONAL STATEMENT</u>

Defendant Life Insurance Company of North America ("LINA") filed a Notice of Re-
moval on August 17, 2012.  [Dkt. 1.]  In the Notice, LINA states that this Court has diversity ju-
risdiction under 28 U.S.C. § 1332 because: (1) Plaintiff Toni Lane is a resident of Indiana, [_id._ at
2, ¶ 3]; (2) LINA is a Pennsylvania corporation with its principal place of business in Pennsylva-
nia, [_id._]; and (3) the amount in controversy "exceeds $75,000.00, exclusive of interests and
costs," [_id._ at 2, ¶ 5].  In the State Court Complaint, Ms. Lane alleged that she is a citizen of In-
diana, [dkt. 1-1 at 1, ¶ 1], but makes no allegations regarding LINA's citizenship or the amount
in controversy.

The Court must independently determine whether proper diversity among the parties ex-
ists.  _Thomas v. Guardsmark, LLC_, 487 F.3d 531, 533 (7th Cir. 2007).  The Court is not being
hyper-technical:  Counsel has a professional obligation to analyze subject matter jurisdiction,
_Heinen v. Northrop Grumman Corp._, 671 F.3d 669 (7th Cir. 2012), and a federal court always
has a responsibility to ensure that it has jurisdiction, _Hukic v. Aurora Loan Servs._, 588 F.3d 420,
427 (7th Cir. 2009).

Local Rule 81-1 provides that a Notice of Removal must include, along with a statement
regarding the amount in controversy, "a listing of the citizenship of each party."  L.R. 81-1.  Fur-

ther, it requires that every plaintiff who has not filed a motion to remand must file, within thirty days after the filing of the notice of removal, "a statement responding to the notice of removal's allegations as to the citizenship of the parties and the amount in controversy…." *Id.* Based on the Complaint, LINA's Notice of Removal, and the fact that Ms. Lane has not filed her Local Rule 81-1 Statement, the Court cannot determine whether it can exercise diversity jurisdiction over this case.

Specifically, the parties are reminded that: (1) an allegation of residency is not enough to establish diversity jurisdiction, *McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998); (2) residency and citizenship are not the same, *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002), and it is the citizenship that matters for purposes of diversity, *id.*; (3) jurisdictional allegations must be made on personal knowledge, not on information and belief, to invoke the subject matter jurisdiction of a federal court, *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992); (4) it is insufficient for a party to generically allege that another party is *not* a citizen of a state, *Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996); and (5) the amount in controversy must exceed "$75,000 exclusive of interest and costs," 28 U.S.C. § 1332.

The Court **ORDERS** the parties to meet and confer, and conduct whatever investigation necessary, to determine whether this Court has diversity jurisdiction. If the parties agree that diversity jurisdiction is proper, they shall file a joint jurisdictional statement by **October 15, 2012** setting forth the basis for each of their citizenships and whether they agree that the amount in controversy exceeds $75,000 exclusive of interest and costs. If the parties cannot agree on their respective citizenships or the amount in controversy, any party who disagrees shall file a separate jurisdictional statement by **October 15, 2012** setting forth its view regarding the citizenship of

each of the parties and the amount in controversy.  The joint jurisdictional statement, or separate

jurisdictional statements, shall satisfy the parties' obligations under Local Rule 81-1.


09/28/2012

_Jane Magnus-Stinson_

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana


**Distribution via ECF only:**

Melissa A. Davidson
CHARLES D. HANKEY LAW OFFICE
mdavidson@hankeylawoffice.com

Jennifer Jay Kalas
HINSHAW & CULBERTSON
jkalas@hinshawlaw.com

Daniel Keenan Ryan
HINSHAW & CULBERTSON
dryan@hinshawlaw.com